# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 19, 2015

## STATE OF TENNESSEE v. ALFRED WARD

**Appeal from the Criminal Court for Knox County**
**No. 98236     Steven W. Sword, Judge**

---

### No. E2014-01192-CCA-R3-CD - Filed May 20, 2015

---

A Knox County Criminal Court Jury convicted the appellant, Alfred Ward, of two counts of aggravated burglary, a Class C felony, and misdemeanor theft. The trial court merged the aggravated burglary convictions and sentenced him as a Range III, persistent offender to an effective sentence of eleven years in confinement. On appeal, the appellant contends that the evidence is insufficient to support the convictions. Based upon the record and the parties' briefs, we affirm the judgments of the trial court but remand the case for correction of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed, and the Case is Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Liddell Kirk (on appeal) and Keith Lowe (at trial), Knoxville, Tennessee, for the appellant, Alfred Ward.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Charme Allen, District Attorney General; and Ta Kisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.  Factual Background

In November 2011, the Knox County Grand Jury indicted the appellant for two counts

of aggravated burglary based on alternative theories and one count of felony theft.[1] At trial, Edward Clabo testified that on December 23, 2009, he lived in a trailer on Kodak Road in East Knoxville. That afternoon, Clabo left home to check on a neighbor. When he returned, he saw a small hatchback station wagon backed up to the deck of his trailer. The hatchback was open, and Clabo drove up to the car and blocked it with his vehicle. He noticed that his television and some of his Christmas presents, with a total value of about $500, were in the station wagon. As Clabo walked up the steps to the door of his trailer, the door opened, and two men came outside. Clabo said that he did not know the men or why they were in his home, that they jumped over the rail of his deck, and that they "[took] off running." Clabo identified the appellant in court as one of the two men.

Clabo testified that he chased the appellant and the second man but was unable to catch them and returned to his trailer. The inside "was just tore up." The kitchen trash can had been turned upside down, and trash was all over the floor. The refrigerator door was open, and food from the refrigerator was in the trash can as if the men had been planning to take the trash can with them. The bedroom mattresses had been turned upside down, the dresser drawers had been pulled out, and the drawers had been turned upside down. He said that "stuff [was] everywhere."

On cross-examination, Clabo acknowledged that he did not see the station wagon arrive and did not know if the appellant and the second man arrived at the trailer together. He also did not know how long they were in his home, who put the items into the station wagon, or who caused the damage inside the trailer.

Officer Steven Ballard of the Knox County Sheriff's Office (KCSO) testified that about 4:30 p.m. on December 23, 2009, he went to Kodak Road in response to a call about two burglary suspects. Earlier that day, officers had responded to a burglary in the area. Some citizens flagged down Officer Ballard and told him that the suspects were at Kodak Road and Thorngrove Pike. The Knox County Sheriff's Air Watch Division flew over the area and located the suspects, one of whom was the appellant, and Officer Ballard took them into custody. Officer Ballard said the two men were wet "from head to toe where it appeared that they had been either in a creek or a river nearby." The men claimed to have been fishing, but Officer Ballard noticed that they did not have any fishing equipment. On cross-examination, Officer Ballard testified that after the appellant's arrest, the appellant

---

[1]The record reflects that the appellant initially pled guilty and received an effective six-year sentence. According to his brief, he later filed a motion to correct an illegal sentence on the basis that the six-year sentence was ordered to be served concurrently to a previous sentence when it was required to be served consecutively. The trial court corrected the judgments but gave the appellant the option of withdrawing his guilty pleas and proceeding to trial. The appellant chose to withdraw his guilty pleas.

complained of chest pain and was transported to a hospital.

Officer Mackenzie Alleman of the KCSO testified that he processed the station wagon found at the trailer and that a red folder was in the hatchback of the car. The appellant's birth certificate was in the folder. The officer also found a bottle of prescribed nitroglycerin, and the appellant's name was on the prescription label.

At the conclusion of the proof, the jury convicted the appellant as charged of two counts of aggravated burglary and one count of misdemeanor theft as a lesser-included offense of theft of property valued more than $500 but less than $1,000. The trial court merged the aggravated burglary convictions and sentenced the appellant as a Range III, persistent offender to concurrent sentences of eleven years for aggravated burglary, a Class C felony, and eleven months, twenty-nine days for theft, a Class A misdemeanor.

## II. Analysis

The appellant contends that the evidence is insufficient to support the convictions. He claims that although evidence connected him to the station wagon in which the stolen property had been placed, the other man, acting alone, could have removed the property from the trailer and put it into the car. The State argues that the evidence is sufficient. We agree with the State.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence, nor will this court substitute its inferences drawn from the circumstantial evidence for those inferences drawn by the jury. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A guilty verdict can be based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Hall, 976 S.W.2d 121, 140

(Tenn. 1998). "The jury decides the weight to be given to circumstantial evidence, and '[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.'" State v. Rice, 184 S.W.3d 646, 662 (Tenn. 2006) (quoting State v. Marable, 203 Tenn. 440, 313 S.W.2d 451, 457 (Tenn. 1958)). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)). Moreover, "[t]he standard by which the trial court determines a motion for judgment of acquittal at the end of all the proof is, in essence, the same standard which applies on appeal in determining the sufficiency of the evidence after a conviction." State v. Thompson, 88 S.W.3d 611, 614-15 (Tenn. Crim. App. 2000).

Aggravated burglary is defined as "burglary of a habitation." Tenn. Code Ann. § 39-14-403(a). "A person commits burglary who, without the effective consent of the property owner . . . [e]nters a building . . . with intent to commit a . . . theft . . . or . . . commits or attempts to commit a . . . theft." Tenn. Code Ann. § 39-14-402(a)(1), (3). "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Tenn. Code Ann. § 39-14-103. "Habitation" means "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Tenn. Code Ann. § 39-14-401(1)(A).

Taken in the light most favorable to the State, the evidence shows that on the afternoon of December 23, 2009, the appellant and a second man entered Clabo's home, took Christmas presents and a television, and put them into the back of a station wagon. They were gathering more property inside the trailer when Clabo returned. As the appellant and the second man exited the trailer, they saw Clabo and fled. The police later apprehended both men and found the appellant's birth certificate and medication inside the station wagon. The evidence is more than sufficient to support the appellant's convictions.

## III.  Conclusion

Based upon the record and the parties' briefs, we affirm the appellant's convictions. However, the judgments reflect that the appellant pled guilty. Also, the judgment for the theft conviction states that the appellant was charged and convicted of theft by shoplifting. Therefore, we remand the case to the trial court for correction of those errors.

_____
NORMA McGEE OGLE, JUDGE

-4-